\*\*E-Filed 9/21/2009\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JUNE FOSTER,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>KNTV TELEVISION, INC., et al.,<br>　　　　　Defendants | Case Number  C 06-5688 JF (PVT)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

On August 21, 2009, Defendants KNTV Television, Inc. ("KNTV") and Granite Broadcasting ("Granite") filed a letter brief requesting that the Court dismiss this action. On the same date, Plaintiff June Foster ("Foster"), proceeding pro se, filed a letter brief in opposition. For the reasons set forth below, the Court will dismiss the action with prejudice.

## I. BACKGROUND

Foster worked for KNTV as a news writer. KNTV was wholly owned by Granite during Foster's employment. On June 27, 2001, Foster was terminated. Foster filed suit against KNTV and Granite in the Santa Clara County Superior Court, alleging claims arising out of her termination, including claims for violation of two federal statutes. Defendants removed the action to this Court. Foster amended her complaint to dismiss the federal claims and then

successfully sought remand to state court. Once back in state court, she voluntarily dismissed several of her claims, and the state court granted Defendants' motion for summary adjudication as to several of her remaining claims.

On December 1, 2003, the parties commenced trial in the Santa Clara Superior Court on Foster's claims for retaliation, wrongful termination, and equitable relief. The jury found, by unanimous special verdict, that Foster's negative performance evaluation did not constitute an adverse employment action under California law, and that Defendants did not retaliate against Foster by terminating her employment. On January 20, 2004, the state court entered judgment for Defendants. The court denied four post-trial motions brought by Foster. On March 22, 2004, Foster appealed the judgment, claiming that the jury verdict was erroneous. The state appellate court affirmed the judgment and denied Foster's request for rehearing. The California Supreme Court denied Foster's petition for review.

On September 15, 2006, Foster "removed" the state court action to this Court on the ground that the state courts did not grant her fair appellate review. On October 6, 2006, this Court denied Foster's application to proceed *in forma pauperis*, stating that the action was "without merit on its face." On October 10, 2006, Defendants filed a motion to dismiss and/or strike the action. On October 16, 2006, Defendants filed a motion for remand. On October 30, 2006, Foster filed a motion for leave to amend. Defendants filed a second motion to dismiss and/or strike. On November 16, 2006, the Court issued an order denying Foster's motion for leave to amend until after Defendants' motion could be heard. The Court also denied Foster's second application to proceed *in forma pauperis,* noting again that the action was "without merit on its face."

On November 27, 2006, Foster filed a notice of appeal of this Court's denial of her application to proceed *in forma pauperis* and of her motion for leave to amend. The Ninth Circuit affirmed and denied Foster's petition for rehearing *en banc*.

On January 8, 2007, Defendants notified this Court and Foster that Defendant Granite had filed for bankruptcy in the Southern District of New York. As part of its bankruptcy filing, Granite identified Foster's employment claims as a claim against the estate. On March 21, 2007,

Foster filed a claim in the New York bankruptcy court for $10 million.  On May 18, 2007, the bankruptcy court issued an estimation order declaring that the value of Foster's claims was $0 ("Estimation Order").  The bankruptcy court entered an order ("Confirmation Order") confirming the Debtor's Modified First Amended Joint Plan of Reorganization under chapter 11 of the Bankruptcy Code ("Plan"), which became effective June 4, 2007.  In its Confirmation Order, the bankruptcy court retained jurisdiction over matters arising out of and relating to the Plan.  Foster filed a number of unsuccessful motions, including motions for reconsideration of the bankruptcy court's Estimation Order and a motion to disqualify the bankruptcy judge.   Foster appealed the Confirmation Order and the Estimation Order to the United States District Court for the Southern District of New York.  On April 3, 2008, the district court dismissed Foster's appeal and affirmed the bankruptcy court's decision.  Foster's appeals to the United States Court of Appeals for the Second Circuit and the United States Supreme Court were unsuccessful.

While the bankruptcy action was pending, this Court set a case management conference for May 25, 2007.  Because no party appeared, the Court entered an order of dismissal.  On July 2, 2009, Foster sought to re-open the case.  On August 14, 2009, the Court requested that the parties submit letter briefs explaining their respective positions with respect to this Court's jurisdiction.  On August 21, 2009, Defendants filed a letter brief requesting that the case be dismissed on the ground that all of Foster's claims have been fully litigated and discharged.  Foster filed a letter brief in opposition.

## II. DISCUSSION

**A. Foster's State Law Claims are Barred by the Full Faith and Credit Act**

Foster's state law employment claims were fully adjudicated in the state court jury trial and subsequent appeals.  The Full Faith and Credit Act states that "the . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State."  28 U.S.C. § 1738.  The Act thus obligates federal courts to accord a state judgment the same preclusive effect that it would have in the courts of the state in which it was rendered.

1  The Full Faith and Credit Act precludes this Court from reviewing the state courts' judgment. "It
2  has long been the law that 'the judgment of a state court should have the same, credit, validity,
3  and effect in every other court in the United States, which it had in the state where it was
4  pronounced.'" *Thomas v. Washington Gas Light Co.* 448 U.S. 261, 270 (1980). "The rare
5  exceptions to the application of the full faith and credit clause arise only when there is a violation
6  of some fundamental state public policy . . . [T]here is no precedent for an exception in the case
7  of a money judgment in a civil suit." *Silbrico Corp. v. Raanan*, 170 Cal.App.3d 202, 208 (1985),
8  citing *United Bank of Denver v. K & Y Trucking Co., Inc.*, 147 Cal.App.3d 217, 222 (1983).

**B. Foster's Bankruptcy-Related Claims are Barred by the Doctrine of Res Judicata**

Foster's claims relating to Granite's bankruptcy have been adjudicated by both the bankruptcy court and district court in the Southern District of New York. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). A judgment in an earlier suit bars a later suit under the doctrine of res judicata if: (1) the two suits involve the same claims; (2) the two suits involve the same parties or their privies; and (3) the earlier suit reached a final judgment on the merits. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993).

Pursuant to 28 U.S.C. § 157(b)(1), bankruptcy judges have the authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158." Section 158 provides district courts of the United States with the jurisdiction to hear appeals from final judgments, orders, and decrees.

The bankruptcy court concluded that "Ms. Foster has been denied substantive relief on her claim in repeated attempts in both State and federal courts, and there is no reason to believe her final appeal to the Ninth Circuit has any likelihood of success whatsoever." *In Re Granite Broadcasting Corp., et al.*, Order (Bankr. S.D.N.Y. May 18, 2007). Thus, the bankruptcy court concluded that Foster's case has no merit. On appeal, the district court reviewed the bankruptcy

court's decision and upheld its conclusions.

Under these facts, the doctrine of res judicata applies in this case. Both the bankruptcy court and the district court are courts of competent jurisdiction. Both courts reviewed Foster's case and issued final judgments on the merits. The bankruptcy action involved the same Defendants sued here, and the actions arise out of the same claims.

**C. Foster's Bankruptcy Claims also are Barred under Bankruptcy Law**

Under bankruptcy law, confirmation of a bankruptcy plan discharges a debtor from any debt that arose before the date of confirmation, "whether or not (i) proof of claim based on such debt is filed or deemed filed . . . ; (ii) such claim is allowed . . . ; or (iii) the holder of such claim has accepted the plan." 11 U.S.C. § 1141(d)(1)(A).

"A discharge . . . operates as an injunction against the continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "Section 524(a)(2) not only prohibits but also enjoins [lawsuits by a holder of a discharged debt], as well as other collection actions, and so the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction as is therefore in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

By the terms of the Confirmation Order issued by the bankruptcy court, any individual who brought or could have brought a claim in the bankruptcy action is permanently enjoined from commencing or continuing any litigation. *In Re Granite Broadcasting Corp., et al.*, Order (Bankr. S.D.N.Y. May 22, 2007). Because the Confirmation Order discharges the Defendants from any debt that arose before the date of Confirmation, Foster is prohibited and enjoined from further lawsuits against Defendants.

**D. Foster's § 1983 Claims are Barred by the Statute of Limitations**

Foster's claims under 42 U.S.C. § 1983 are barred by the statute of limitations. Because §1983 itself does not contain a statute of limitations, 42 U.S.C. § 1988 provides that state law

5

will control the limitations period applicable. To promote uniformity in actions brought under §1983, the Supreme Court has held that such actions should be characterized as personal injury claims for the purposes of determining the appropriate period. *Wilson v. Garcia*, 471 U.S. 261 (1985). Under Cal. Civ. Proc. Code § 335.1, the statute of limitations for personal injury claims in California currently is two years. Thus, any claims under §1983 must be brought within two years.

Foster did not raise her § 1983 claims within the mandatory time period. Her employment termination occurred on June 21, 2001. Her ability to bring a claim under 42 U.S.C. § 1983 thus expired on June 27, 2003, two years after KNTV terminated her employment. Because Foster did not file a §1983 claim until 2006, any such claim is time-barred.

### III. ORDER

For reasons discussed above, this case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: 9/18/2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  June Foster
   P.O. Box 2134
3  San Leandro, CA 94577
   constitutionalissues4@yahoo.com
4

5  Krista Stevenson Johnson        kjohnson@littler.com

6  Ronald D. Arena                 rarena@littler.com

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

Case No. C 06-5688 JF (PVT)
ORDER DISMISSING ACTION WITH PREJUDICE
(JFEX2)