**E-Filed 12/9/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUNE FOSTER,<br>    Plaintiff<br><br>    v.<br><br>KNTV TELEVISION, INC., et al.,<br>    Defendants | Case Number   C 06-5688 JF (PVT)<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[re: document nos. 84, 91] |

  On September 21, 2009, this Court dismissed Plaintiff's action with prejudice. On October 6, 2009, the Court entered judgment for Defendants. Plaintiff seeks reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6), which authorizes a court to vacate a final judgment or order for "any . . . reason that justifies relief." The Court has considered the moving and responding papers and the oral arguments presented at the hearing on November 20, 2009. For the reasons discussed below, Plaintiff's motion for reconsideration will be denied.

  On November 21, 2001, Plaintiff (then represented by counsel) commenced the instant action by filing a complaint in the Santa Clara Superior Court alleging that she was terminated

---

[1] This order is not designated for publication in the official reports.

unlawfully from her employment as a newswriter for Defendant KNTV Television, Inc. Plaintiff's primary claim was that Defendants terminated her unlawfully in retaliation for her complaints of discriminatory and retaliatory conduct in the workplace. Plaintiff's claims were tried before a jury in the superior court on December 1, 2003; the jury returned a verdict for Defendants and against Plaintiff. The superior court entered judgment on the jury verdict on January 20, 2004. The state appellate court affirmed the judgment and denied Foster's request for rehearing. The California Supreme Court denied Foster's petition for review.

It was at this point that Plaintiff, proceeding *pro se*, "removed" the case to this Court. In her petition for removal filed September 15, 2006, Plaintiff stated as follows: "I request the District Court to review the State Court judgment upon finding cause and have case heard in Federal District Court, since all State judicial remedies have been exhausted." Pet. for Rem. at 2. Plaintiff then argued at length that the state courts had failed to adjudicate her claims on the merits, thus depriving Plaintiff of "rights secured by the Federal Constitution and statues [sic]." *Id*. at 4. She stated specifically that "the State of California has made available Cal. Const. Art. 6 sec. 13 to all its citizens, rich and poor, but deliberately not to me." *Id*. at 5. She indicated that a number of her claims were "taken verbatim from Petition for Review filed in California Supreme Court on August 3, 2006." *Id*. at 6.

The right to remove an action from state court to federal district court is vested exclusively in "the defendant or the defendants." 28 U.S.C. § 1441(a); *see also Southland Corp. v. Estridge*, 456 F. Supp. 1296, 1301 (C.D. Cal. 1978) (holding that a plaintiff who chooses to bring a federally cognizable action in state court may not remove the action to federal court). Because there is no statutory authority for Plaintiff's purported removal, this Court lacks jurisdiction over the case.

Moreover, the plain language of 28 U.S.C. § 1441 authorizes removal of cases "pending"[2]

---

[2] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*." 28 U.S.C. § 1441(a).

in state court at the time the notice of removal is filed. As noted above, the state court judgment was final at the time Plaintiff filed her notice of removal; thus removal was not authorized by statute. Moreover, "courts have recognized that Article III prevents federal courts from exercising jurisdiction over a case previously dismissed by a State court because if a case has already been closed, no case or controversy exists." *Smith v. Toyota Motor Sales*, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007) (internal quotation marks and citations omitted).

Even if Plaintiff's purported removal were not procedurally improper, her petition for removal expressly requests that this Court "review" the rulings of the state courts. It is well-settled that federal district courts do not have jurisdiction to review state court rulings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The Court acknowledges that the order as to which Plaintiff now seeks reconsideration may have caused some confusion. In attempting to address fully the various doctrines that preclude Plaintiff's claims, the Court discussed at length the potential *res judicata* effect of Defendant Granite Broadcasting's bankruptcy proceeding and the effect of the statute of limitations. While the Court remains of the opinion that these doctrines independently would bar Plaintiff's claims even if they were otherwise cognizable by this Court, it appears that the discussion of these doctrines in the dismissal order obscured the point that this Court simply lacks subject matter jurisdiction over the action. Plaintiff did not have the right to remove the action in the first instance; the action was not removable because it had been closed in the state courts prior to the purported removal; and this Court lacks authority to review state court judgments.

At the hearing on the instant motion for reconsideration, Plaintiff asserted that her pleading contains claims that have never been adjudicated by any court. The Court has reviewed the operative pleading in this case – the petition for removal and attached documents – and

1 concludes that Plaintiff in fact is requesting *review* of the judgment of the state court. However, 2 even assuming that Plaintiff has alleged new claims in her petition for removal, the petition was 3 filed improperly for the reasons discussed above, and this Court lacks jurisdiction over the 4 action.

5    Accordingly, Plaintiff's motion for reconsideration is DENIED.

6    IT IS SO ORDERED.

10 DATED: 12/9/2009

12    _____
     JEREMY FOGEL
13   United States District Judge

1 | This Order has been served upon the following persons:

3 | June Foster
P.O. Box 2134
4 | San Leandro, CA 94577

6 | Krista Stevenson Johnson        kjohnson@littler.com

7 | Ronald D. Arena                 rarena@littler.com

5

Case No. C 06-5688 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(JFLC2)